UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICTORIA TILLMAN FELTON | * | CIVIL ACTION |
| VERSUS | * | NO. 26-369 |
| CLB INVESTMENTS LLC, ET AL. | * | SECTION “J” (2) |

**REPORT AND RECOMMENDATION**

This Court ordered *pro se* plaintiff Victoria Tillman Felton to show cause by August 12, 2026, why her complaint should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve. ECF No. 33 at 2. Plaintiff has not filed a response, summons return, or waiver of service. Thus, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.2(C), the Court RECOMMENDS that plaintiff Victoria Tillman Felton’s complaint be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m).

## I. BACKGROUND

### A. Factual Background

Plaintiff filed this employment discrimination case alleging that defendants CLB Investments LLC and Crystal Clear Management Inc. (together, “Defendants”) discriminated against her on the basis of race, sex, and age in March, April, and September 2025 and when she was terminated in January 2026. ECF No. 1, at 1, 4, 10. She further alleges that management became hostile after she filed two lawsuits and a former general manager threatened to shoot her. *Id.* at 8.[1] Plaintiff seeks “lost wages, front pay, compensation for emotional distress, mental anguish, back pay, special damages because of retaliation [because] I was unable to be approve[d] for apartments and unable to keep my living situation stable as well as concentrate on my education

[1] Plaintiff references two other cases that she filed in this Court in November 2024 (Civ. Nos. 24-2602 and 24-2776), but appears to have filed another companion case, Civ. No. 24-2601.

leading into my grades slacking[,] Whistleblower Law RS 23:967 [and] approximately 3,000,000.00." *Id.* at 10.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received her right to sue letter on September 23, 2025. *Id.* at 5; ECF No. 1-1. In her charge, she explains that she filed multiple state court lawsuits in November 2024 over incorrect pay. ECF No. 1-1, at 5. She asserted that Defendants retaliated against her for filing those lawsuits in violation of Title VII. *Id.*

**B. <u>Procedural Background</u>**

On three separate occasions, Plaintiff moved for entry of default. ECF Nos. 8, 12, and 15. Her motions were denied because she failed to properly serve Defendants. While adopting the recommendation to deny the motions, the Court reminded Plaintiff of her service obligation: "Plaintiff is reminded that Rule 4(m) of the Federal Rules of Civil Procedure states that '[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.'" ECF No. 23, at 3.

The day before her deadline to serve Defendants, Plaintiff sought an extension. ECF No. 28. The Court granted her request and gave her through July 6, 2026 to effectuate formal service or obtain signed waivers of service. ECF No. 30, at 5. Again, Plaintiff was reminded of the consequences for failure to serve: "Failure to comply with this order and effect service within this extended deadline may result in a recommendation that Plaintiff's claims be dismissed without prejudice." *Id.*

Once again, Plaintiff missed the deadline. The Court then ordered Plaintiff to show cause on or before August 12, 2026 why her complaint should not be dismissed for failure to serve. ECF

No. 33. She was given a final warning: "Plaintiff is further advised that failure to comply with this Order may result in a report and recommendation to dismiss [her] complaint without prejudice pursuant to Rule 4(m)." *Id.* at 2.

Plaintiff did not respond to the show cause order.

## II. APPLICABLE LAW

### A. Dismissal Without Prejudice Under Rule 4(m)

Timely service of process is important. A lengthy delay between filing and service risks prejudice to the defendant.[2] Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant within ninety days of filing the complaint. If the plaintiff fails to: (1) serve within that timeframe or (2) show good cause for an extension, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[3]

### B. Heightened Standard for Dismissal of a Time-Barred Claim

When a court dismisses a claim *without* prejudice but a re-filed action would be time-barred, it effectively dismisses the claim *with* prejudice.[4] "[D]ismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'"[5] So courts apply a heightened standard to dismiss without prejudice a claim that would be time-barred if re-instituted later.[6]

---

[2] *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (quoting *Veazey v. Young's Yacht Sale & Serv.*, 644 F.2d 475, 478 (5th Cir. Unit A May 1981) ("We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available.").

[3] FED. R. CIV. PRO. 4(m).

[4] *Millan v. USAA Gen. Indem.*, 546 F.3d 321, 325–26 (5th Cir. 2008)

[5] *Id.* (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

[6] *Id.* at 326 ("Although the heightened standard of review is generally applied to dismissals for failure to prosecute after the defendant has been served, we have also used it to review dismissals for failure to prosecute where the underlying basis was untimely or insufficient service."); *see also Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. Unit B 1981) (citation modified) ("By the same token, where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice.").

"A district court's 'dismissal with prejudice is warranted only where "a clear record of delay or contumacious conduct by the plaintiff" exists and a "lesser sanction would not better serve the interests of justice."'"[7] While this "test is conjunctive, . . . only one of the first element's prongs must be present—either a clear record of delay *or* contumacious conduct."[8]

A clear record of delay "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity."[9] Dismissals with prejudice are generally saved for cases of "egregious and sometimes outrageous delays."[10] A repeated failure to comply with a court's pretrial order "amounts to a clear record of delay."[11] Contumacious conduct, on the other hand, occurs when a party's "stubborn resistance to authority" supports dismissal with prejudice.[12]

Historically, the Fifth Circuit has affirmed dismissals with prejudice when at least one aggravating factor has been present: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[13] The presence of an aggravating factor, however, is not required. Satisfaction of the two principal elements can justify dismissal with prejudice.[14]

**C. <u>Plaintiff's Procedural Responsibilities</u>**

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law—including the responsibility to serve defendants.[15] Rule 4(c)(1) makes clear that

---

[7] *Millan*, 546 F.3d at 326 (quoting *Gray*, 634 F.2d at 227).
[8] *Boudy v. McComb Sch. Dist.*, 168 F.4th 257, 263 (5th Cir. 2026) (citation modified).
[9] *Millan*, 546 F.3d at 326–27 (citation modified).
[10] *Id.* at 327 (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)).
[11] *In re Deepwater Horizon*, 988 F.3d 192, 198 (5th Cir. 2021).
[12] *Millan*, 546 F.3d at 327 (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).
[13] *Id.* at 326 (alteration adopted; quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).
[14] *Boudy*, 168 F.4th at 264; *Sealed Appellant*, 452 F.3d at 418.
[15] *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013)

the plaintiff is responsible for service.[16]

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[17] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s],"[18] and naked assertions devoid of further factual enhancement will not suffice to demonstrate a short and plain statement of the claim showing that the pleader is entitled to relief. The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[19] Even the complaints of *pro se* litigants must plead factual allegations that raise the right to relief above the speculative level that convince the court that plaintiff has a colorable claim.[20]

## III. ANALYSIS

### A. Plaintiff's Alleged Claims

The analysis is limited to Plaintiff's claims under Title VII, EPA, FLSA, and the Louisiana whistleblower statute because those are the claims that, liberally construed, appear to be asserted in her Complaint. *See* ECF No. 1, at 3-4 ¶¶ II-III, 8-10 ¶¶ 3, 7-20. Plaintiff cites to a laundry list of statutes "and any other federal, state, or local constitution, statute, order (including executive orders), or regulation, and any municipal ordinance; and; based on any contract, tort, whistle-

---

[16] FED R. CIV. P 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").
[17] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700625 (Feb. 29, 2012).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[19] *Twombly*, 550 U.S. at 555.
[20] *Mills v. Crim. Dist. Crt. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

blower, personal injury, wrongful discharge, or retaliation theory." *Id.* at 7-8.[21] But Plaintiff does not provide any factual allegations to support a cause of action under any of those statutes nor does she explain how those statutes apply to her case. Even with the liberal construction afforded to a *pro se* litigant, the undersigned cannot discern what claims she is asserting under most of these statutes, other than Title VII, EPA, FLSA, and the Louisiana whistleblower statute. Accordingly, I will address the Title VII, EPA, FLSA and whistleblower claims.

**B. Failure to Serve**

Despite numerous warnings by this Court, Plaintiff has failed to comply with Rule 4(m) which requires her to serve Defendants within ninety days. Plaintiff filed her complaint on February 20, 2026—over 200 days ago. Dismissal of her claims without prejudice is appropriate. But because some of her claims would be time-barred such that a dismissal *without* prejudice effectively becomes a dismissal *with* prejudice, further analysis of the statute of limitations for each claim is appropriate.

**1. Dismissal Without Prejudice**

Plaintiff's claims under the FLSA, EPA, and the Louisiana Whistleblower statute can be dismissed without prejudice because they are not time-barred. On her form complaint, Plaintiff filled in that "[i]t is my best recollection that the alleged discriminatory acts occurred on" March 24th and 31st of 2025, April 1, 2025, and September 27, 2025. *Id.* at 4. Plaintiff references other dates in her complaint, but they are devoid of context or appear to be the subject of her former lawsuits either in this Court or state court.

Claims under the FLSA are subject to a two-year statute of limitations (unless the violation

[21] Plaintiff additionally references the "Whistleblower Protection Act in the US" in her "comprehensive complaint," but it is unclear what statute to which she is referring. ECF No. 1, at 9 ¶ 8.

is willful, in which case three years applies).[22] Claims under the EPA are the same. They are subject to a two-year statute of limitations unless the underlying violation is willful in which case a three-year limitations period applies.[23] Similarly, a claim under the Louisiana Whistleblower statute is subject to a two-year statutory period.[24]

Plaintiff alleges that the underlying events occurred from March to September 2025. Any claim under the FLSA, EPA, or Louisiana whistleblower statute, therefore, would not be time-barred. Dismissal without prejudice of these claims is appropriate.

**2. Dismissal of Title VII Claims**

**a.** Exhaustion of Administrative Remedies

Title VII requires employees to exhaust administrative remedies before seeking judicial relief.[25] "Private sector employees must satisfy this requirement by filing an administrative charge with the EEOC."[26] A lawsuit stemming from an EEOC charge is limited in scope to the charge set forth therein as well as the EEOC investigation that could "reasonably be expected to grow out of the charge of discrimination."[27] A plaintiff who files a charge of discrimination with the EEOC cannot later assert additional theories of discrimination in a subsequent civil proceeding when

---

[22] 29 U.S.C. § 255(a).
[23] *Lusted v. S.A. Indep. Sch. Dist.*, 741 F.2d 817, 821–22 (5th Cir. 1984).
[24] The Louisiana whistleblower statute does not provide a specific statutory limitation period. *Williams v. Otis Elevator Co.*, 557 F. App'x 299, 302 (5th Cir. 2014); *Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 581 (M.D. La. 2002). But such claim is "delictual [or tort] in nature." *Nolan v. Jefferson Par. Hosp. Serv. Dist. No. 2*, 790 So. 2d 725, 733 (La. App. 5 Cir. 2001). In 2024, the Louisiana extended the period for delictual actions to two years for all actions arising after July 1, 2024. LA. CIV. CODE ART. 3493.1; *Eliot ex rel. S.E. v. Arc of the United States, Inc.*, 423 So. 3d 76, 77 n.1 (La. 2025). The period commences "the day that injury or damage is sustained." LA. CIV. CODE art. 3493.1.
[25] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).
[26] *Id.*
[27] *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)); *see also Vicknair v. La. Dep't of Pub. Safety & Corrs.*, 555 F. App'x 325, 332 (5th Cir. 2014) (noting that construction of an EEOC charge may extend "as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge") (quoting *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)).

those additional theories were not raised in the EEOC charge.[28] "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation."[29] A claim is not reasonably expected to grow out of a plaintiff's charge of discrimination if the claim is not alleged in the charge itself.[30] "[A] subsequent suit must be limited to the claims made in the employee's initial EEOC charge or any type of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination."[31]

EEOC charges are to be given a liberal construction, especially those authored by *pro se* complainants.[32] Courts must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label."[33] That said, an entirely different basis of alleged discrimination not mentioned to the EEOC will fall outside of the permissible scope of a lawsuit.[34]

In this case, Plaintiff asserts claims for race, sex, and age discrimination. *Id.* at 4 ¶ 3(D). However, her EEOC charge makes no mention of conduct based on those characteristics. ECF

---

[28] *See, e.g.*, *Kebiro v. Walmart*, 193 F. App'x 365, 367 (5th Cir. 2006) (plaintiff's racial and gender discrimination claims were properly dismissed because his EEOC filings only mentioned his age and national origin); *Luna v. Lockheed Martin Corp.*, 54 F. App'x 404, 2002 WL 31687698, at *1 (5th Cir. 2002) (plaintiff's claim based on national origin discrimination properly dismissed where he only checked the box indicating his intention to bring a claim of retaliation in his EEOC charge); *Thomas v. Tex. Dep't of Crim. Just.*, 220 F.3d 389, 394–95 (5th Cir. 2000) (trial court abused its discretion in amending pretrial order to allow Plaintiff to pursue race discrimination claim where EEOC charge alleged only gender discrimination).

[29] *McClain*, 519 F.3d at 273.

[30] *Ellzey v. Cath. Charities Archdiocese of New Orleans*, 833 F. Supp. 2d 595, 602 (E.D. La. 2011); *see also Kebiro*, 193 F. App'x at 367.

[31] *Barnett v. La. Dep't of Health*, No. 17-1793, 2023 WL 2467877, at *7 (M.D. La. Mar. 10, 2023) (citation modified), supplemented 2023 WL 2467876.

[32] *See Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983); *see also Stingley v. Watson Quality Ford,* 836 F. App'x 286, 291 (5th Cir. 2020) (citation modified) (explaining that courts must assess the scope of a Title VII lawsuit "somewhat broadly, not solely by the scope of the administrative charge itself").

[33] *Pacheco*, 448 F.3d at 789.

[34] *See Kebiro*, 193 F. App'x at 367; *Luna*, 2002 WL 31687698, at *1; *Thomas*, 220 F.3d at 394–95.

No.1-1, at 5. The EEOC charge lists only retaliation. *Id.* Plaintiff, therefore, has not exhausted Title VII claims for race, sex or age discrimination; rather, she has only exhausted administrative remedies for a Title VII retaliation claim.

b. <u>Applicable Statutes of Limitations</u>

The exhaustion of administrative remedies (and for some of her claims, the lack thereof) triggers two separate statute of limitations issues.

Plaintiff has not exhausted her administrative remedies for her race, sex, and age discrimination claims. Filing a timely EEOC charge is a statutory prerequisite to suit under Title VII.[35] In a deferral state, such as Louisiana, a plaintiff has 300 days from the discriminatory act to file the charge with the EEOC.[36] "This time limit operates as a statute of limitations."[37] Plaintiff alleges that the earliest of the discriminatory acts occurred in March 2025. Dismissal with prejudice on the grounds of failure to exhaust administrative remedies of the race, sex, and age discrimination claims, therefore, would be appropriate.

All that remains is Plaintiff's retaliation claim. When the EEOC denies a claim and issues a right-to-sue letter, a plaintiff must file suit within ninety days of receipt of the EEOC's determination notice.[38] The ninety-day limitation period is strictly construed, and it begins to run on the date plaintiff receives the EEOC right-to-sue letter.[39] Plaintiff alleges she received the right-to-sue letter on September 23, 2025. ECF No. 1, at 5 ¶ IV(B). Over ninety days have elapsed since receipt of that letter, so Plaintiff's Title VII retaliation claims would also be time-barred if

[35] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (analyzing 42 U.S.C. § 2000e-5(e)(1)).
[36] *Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) ("[W]hen a claimant submits an EEOC charge and, pursuant to a work-sharing agreement, the EEOC accepts it on behalf of a deferral state, the claimant is deemed to have initially instituted proceedings with the state agency and the 300–day period is triggered."); *see also Time Limits for Filing a Charge*, U.S. EEOC, https://www.eeoc.gov/time-limits-filing-charge (last visited Sept. 18, 2026).
[37] *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999).
[38] 42 U.S.C. § 2000e-5(f)(1).
[39] *Harrison v. Mayorkas*, No. 21-161, 2022 WL 2237135, at *2 (E.D. La. June 21, 2022).

dismissed.

c. Heightened Standard

Because Plaintiff's Title VII retaliation claim would be time-barred, a dismissal without prejudice would effectively operate as a dismissal with prejudice. Therefore, I will apply the heightened standard to determine if that result is appropriate. While dismissal is an "extreme sanction," if Plaintiff does not file proof of service before the period for objecting to this Report and Recommendation expires, dismissal in this case is warranted.

As of today's date, over six months have passed since Plaintiff filed her lawsuit. ECF No. 1. And her last filing in the Court's docket was over three months ago.[40] ECF No. 29. Further, Plaintiff has been warned on three separate occasions that failure to serve would result in dismissal.[41] This behavior sufficiently shows a significant period of delay and contumacious conduct that warrants dismissal. Additionally, at least one aggravating factor is present: a "delay caused by the plaintiff h[er]self and not h[er] attorney."[42] Here, Plaintiff is proceeding *pro se* so the delay cannot be attributed to her attorney. She is responsible for the failure to serve.

"Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, . . . explicit warnings" or other lesser sanctions would not better serve the interests of justice in this case.[43] Because plaintiff is proceeding *pro se*, attorney discipline would not be effective. And fines, costs, or damages assessed against Plaintiff would not be prudent. Explicit warnings have already been implemented without effect. Dismissal of the lawsuit in its entirety is now warranted.

---

[40] *See Pennie v. Giorgi for Dallas Morning News*, 841 F. App'x 655, 659 (5th Cir. 2021) (collecting cases where dismissals for delays of three and four months were affirmed).
[41] *See In Re Deepwater Horizon*, 988 F.3d at 198 (affirming dismissal when party "had already been subject to explicit warnings: both PTO 66 and the subsequent show cause order specifically warned that noncompliance could lead to dismissal with prejudice").
[42] *Millan*, 546 F.3d at 326 (citation modified).
[43] *Rogers*, 669 F.2d at 321–22.

## IV. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that, if Plaintiff does not file a proof of service on Defendants before the expiration of the objection period to this Report and Recommendation, this lawsuit should be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[44]

New Orleans, Louisiana, this 21st day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[44] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).